## PACIFIC IMPROVEMENT CO. v. PITTSBURGH, S. & N. R. CO. et al.

Circuit Court of Appeals, Third Circuit. June 14, 1929.

No. 4031.

Adelbert Moot and Moot, Sprague, Brownell & Marcy, all of Buffalo, N. Y., and Smith, Buchanan, Scott & Gordon, of Pittsburgh, Pa., for appellant.

Frederic W. Frost, of New York City, and J. Merrill Wright, of Pittsburgh, Pa. (John G. Whitmore, of Ridgway, Pa., of counsel), for appellees Pittsburgh, S. & N. R. Co. and others.

Larkin, Rathbone & Perry, of New York City, and Charles K. Robinson, of Pittsburgh, Pa., for appellee Central Union Trust Co.

Tait & Tait, Edwin E. Tait, and Edgar W. Tait, all of Pittsburgh, Pa., for appellee Pittsburgh & S. R. Co.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge. On March 3, 1927, the plaintiff filed this bill of complaint in the District Court of the United States for the Western District of Pennsylvania for the purpose, as alleged, to marshal the assets of the Pittsburgh, Shawmut & Northern Railroad Company and sell the same to pay its receivers' certificates and foreclosure decrees. Plaintiff made parties defendant in the suit all the other corporations and persons named in the title. After some preliminary proceedings, a motion was made by one of the defendants to dismiss the bill of complaint. On November 9, 1928, the opinion of the court was filed, dismissing the complaint, and a decree to that effect was entered. The case was heard before Judge Schoonmaker, who filed an opinion dismissing the bill.

The suit is in equity to marshal assets. The plaintiff is the owner of mortgage bonds, secured only on that part of the defendant

railways' corporation property, which lies exclusively in New York, against the railroad corporation in question, which owns property both in New York and Pennsylvania, together with certain affiliated mining corporations owning property in Pennsylvania, the receiver of the railroad corporation and others. The purpose of the bill is to have the court decree that the portion of the railroad property, located in Pennsylvania, be sold, to the end that all the receivership certificates may be first satisfied out of the Pennsylvania property, in this way entirely relieving the New York property from the payment of any part, and leaving that property free to satisfy the mortgage claims of the plaintiff.

The case was argued at great length, but it seems to us it is comparatively free from difficulty. The defense is that the questions and matters raised in the bill, generally, were heard, tried, and determined by the courts of the state of New York, for jurisdiction thereof, to which action and proceedings plaintiff was a party; that several decrees were entered in the federal court for the Western district of Pennsylvania, based upon the orders and decrees obtained and rendered in the state courts of New York. The courts of the state of New York undeniably had original jurisdiction and had full power and authority to settle all questions legally arising between the parties. The decrees so entered were binding upon all other courts, including the District Court for the Western District of Pennsylvania. If any questions were left open under the New York courts' decrees, those questions should be determined in that jurisdiction. It does not appear that any reason exists, certainly no legal reason, why the actions should be commenced at this late stage of the proceedings in a federal court of Pennsylvania. The clear purpose of the bill is to accomplish, by indirection, what it could not accomplish directly.

In dismissing the bill, the court did not undertake to determine the equities existing between the bondholders secured by the New York property and the later mortgages covering the property of the consolidated company. The court simply recognized that the judgment or decree in the state of New York had definitely declared the rights and equities between the holders of the receivers' certificates and the bondholders secured by the mortgage on the property in the state of New York of the Central New York & Western Railroad Company.

We are satisfied that the court was right in dismissing plaintiff's bill, and the decree so entered should be affirmed.